**Rose P. KROPP**

v.

**Helen C. PAQUETTE.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1986.
Decided Feb. 20, 1987.

C.W. and H.M. Hayes, Kevin Linus Stitham (orally), Dover-Foxcroft, for plaintiff.

Potter & Jamieson, Charles D. Jamieson (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

When the Plaintiff, Rose P. Kropp, brought this action in Superior Court, in Piscataquis County, against the Defendant, her former daughter-in-law, Helen C. Paquette, to clear her title to Squirrel Island in Moosehead Lake, the Defendant responded with both an answer and a counterclaim. Upon a motion for summary judgment the Plaintiff prevailed on her complaint.

When the Defendant moved for relief, pursuant to M.R.Civ.P. 60(b)(1), asserting the excusable neglect of her trial attorney (not her counsel on this appeal), the Superior Court granted her relief from the dismissal of the first two counts of her counterclaim, but denied her relief from the dismissal of the third count. Thus, the Defendant's present appeal from that partial denial of her motion focuses our attention upon the third count of the counterclaim in which the Defendant alleges that if there was a valid deed, it was in the nature of an equitable mortgage.

As we review the Superior Court's order on this Rule 60(b)(1) motion, we apply an abuse of discretion standard. *Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me.1978). Here the record is devoid of any evidence relevant to this third count presented to the trial court by the Defendant. Indeed, we have no transcript of the hearing on her motion. The Defendant, as the moving party, had the burden of establishing (a) that she had a meritorious claim and (b) that there had been an instance of excusable neglect. Upon so barren a record, we cannot conclude that the Superior Court abused its discretion when on February 27, 1985, it declined to set aside its judgment as to the third count of the erstwhile daughter-in-law's counterclaim.

No other issue merits discussion here.

The entry is: Judgment affirmed.

All concurring.